**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4882**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TAUREECE MATTHEWS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:04-cr-00005-F-1)

_____

Submitted:  April 27, 2010        Decided:  July 6, 2010

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. George E.B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taureece Matthews appeals the district court's judgment revoking his supervised release and imposing a sentence of twenty-four months of imprisonment. Matthews argues that the sentence is plainly unreasonable. For the reasons that follow, we affirm.

We review a sentence imposed as a result of a supervised release violation to determine whether the sentence is plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006). The first step in this analysis is a determination of whether the sentence is unreasonable. Id. at 438. This court, in determining reasonableness, follows generally the procedural and substantive considerations employed in reviewing original sentences. Id. However, "[t]his initial inquiry takes a more 'deferential appellate posture concerning issues of fact and the exercise of discretion' than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (quoting Crudup, 461 F.3d at 439).

Although a district court must consider the policy statements in Chapter Seven of the sentencing guidelines along with the statutory requirements of 18 U.S.C.A. § 3583(e) (2006 & West Supp. 2009) and 18 U.S.C. § 3553(a) (2006), "the court ultimately has broad discretion to revoke its previous sentence

2

and impose a term of imprisonment up to the statutory maximum." Crudup, 461 F.3d at 439 (internal quotation marks omitted); see also Moulden, 478 F.3d at 656-57. If a sentence imposed after a revocation is not unreasonable, this court will not proceed to the second prong of the analysis — whether the sentence is plainly unreasonable. Crudup, 461 F.3d at 439.

Matthews argues that his sentence is plainly unreasonable because the district court failed to address his arguments for a lesser sentence and failed to adequately explain its chosen sentence. In United States v. Carter, 564 F.3d 325 (4th Cir. 2009), this court reaffirmed that a district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range. Id. at 330. In addition, "[w]here [a party] presents nonfrivolous reasons for imposing a . . . sentence [outside the advisory guidelines range,] . . . a district judge should address the party's arguments and explain why he has rejected those arguments." Id. at 328 (internal quotation marks omitted). Moreover, in the context of revocation proceedings, the "court need not be as detailed or specific . . ., but it still 'must provide a statement of reasons for the sentence imposed.'" United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (quoting Moulden, 478 F.3d at 657).

3

As long as a defendant "draw[s] arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010); see also Thompson, 595 F.3d at 546 ("[A] defendant need only ask for a sentence outside the range calculated by the court prior to sentencing in order to preserve his claim for appellate review."). When the claim is preserved, we review the issue for an abuse of discretion. Lynn, 592 F.3d at 576, 579. If the district court abused its discretion, this court will "reverse unless . . . the error was harmless." Id. at 576. Where the district court commits error, the government bears the burden of demonstrating that the error was harmless. Id. at 585.

Here, Matthews requested that the district court impose a suspended sentence and, therefore, we conclude that Matthews preserved the issue for appellate review. Accordingly, we review Matthews' claim for harmless error. Nevertheless, we conclude that the district court did not commit procedural error. In short, the court did consider the pertinent policy statements and statutory factors and, albeit briefly, offer an individualized assessment rejecting Matthews' sentencing assertions. Moreover, the court stated a proper basis for the

4

sentence imposed, which was within the pertinent policy statement range, thereby rendering it substantively reasonable. As the sentence imposed is both substantively and procedurally reasonable, it cannot be plainly unreasonable. See Crudup, 461 F.3d at 439.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5